**CIVIL AND MILITARY INVESTORS MUTUAL FUND, INC., Petitioner,**

v.

**SECURITIES AND EXCHANGE COMMISSION, Respondent.**

**No. 15768.**

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 15, 1960.

Decided Feb. 23, 1961.

Mr. Merle Thorpe, Jr., Washington, D. C., with whom Mr. Donald E. Schwartz, Washington, D. C., was on the brief, for petitioner.

Mr. Joseph B. Levin, Asst. General Counsel, Securities and Exchange Com-

mission, for respondent. Mr. Thomas G. Meeker, General Counsel, Securities and Exchange Commission, at the time the record was filed, also entered an appearance for respondent.

Before BAZELON, FAHY and WASHINGTON, Circuit Judges.

## WASHINGTON, Circuit Judge.

Petitioner Civil and Military Investors Mutual Fund, Inc., seeks review of an order of the respondent Securities and Exchange Commission declaring petitioner's name to be deceptive and misleading in violation of Section 35(d) of the Investment Company Act of 1940, 54 Stat. 840, 15 U.S.C.A. § 80a–34(d). That section makes it unlawful for "any registered investment company hereafter to adopt as a part of the name or title of such company * * * any word or words which the Commission finds and by order declares to be deceptive or misleading."

Petitioner, an investment company registered under the Act, proposes to sell mutual fund shares by means of "Accumulation Plans."[1] Its initial notification of registration, filed in 1954, specified the name, "Government Personnel Mutual Fund, Inc." In response to Commission action ordering an inquiry into the propriety of that name, petitioner amended its charter in 1956 to change its name to "The Private Investment Fund for Governmental Personnel, Inc." The latter name was subsequently declared to be deceptive and misleading by the Commission,[2] and in 1957 petitioner adopted its present name, "Civil and Military Investors Mutual Fund, Inc." This change was followed by new hearings, after which the Commission found that the present name "implies that [petitioner] will provide special investment and other advantages for government personnel that do not in fact exist," and issued an order declaring it deceptive and misleading.[3]

Petitioner then filed a motion before the Commission seeking modification of this order because of changes in the terms of the offering and because new evidence relevant to the issues raised in the previous hearings had become available. The principal changes were two: (1) elimination of a 7½% sales commission; and (2) the decision to sell its shares only to Federal, state and local government employees.[4] The results of a survey conducted by the National Association of Investment Companies were offered as new evidence tending to establish that government employees who invest in mutual fund shares have a particular interest in accumulation plans of the type proposed by petitioner.

On April 8, 1960, the Commission entered an order denying the petition for modification, stating, in part, in its findings:

"We are unable to find that either the changed terms of the proposed offering or the asserted interest of government personnel in accumulation plans renders not deceptive or misleading the implication which is inherent in [petitioner's] name that [petitioner] is particularly suited to meet the investment needs of such personnel."

The Commission also found that the survey evidence did not support the proposition, urged by petitioner, that accumulation plans have a special appeal to government employees. The petition for

---

1. Unlike the method of share acquisition known as "Regular Account" buying, by which investors purchase specified numbers of shares in distinct transactions, the "Accumulation Plan" permits investors to make payments of a specified sum on a regular or irregular basis, with each payment being used in full to buy as many shares as possible plus a fractional share.

2. 37 S.E.C. 484 (1957).

3. 38 S.E.C. 451 (1958).

4. Prior to the change, petitioner had proposed to "direct" its sales effort to this group, but not to bar others from participation. Although the new arrangement limits sales to government employees, persons in that group who have become stockholders may continue to acquire shares after leaving government service.

review followed, under 15 U.S.C.A. § 80a–42(a).

Petitioner urges that its name is intended to imply, and does imply, only that its sales will be restricted to government employees, and not that this group will derive special advantages from the plan. At the same time it contends that its plan does provide advantages for government personnel, in that the terms of acquisition will be of special interest to such personnel. The Commission, on the other hand, argues that the name does not merely describe the group addressed, but raises an expectation in that group of an investment advantage which goes to the very heart of the transaction. There is, concededly, nothing unique about the type of securities the Fund proposes to acquire, or the financial terms offered. Many investment companies offer accumulation plans. Many do not charge a sales commission. Therefore, in the Commission's view, it is irrelevant that the means of acquisition of petitioner's shares—the accumulation plan buying provisions—may be a desirable arrangement, since the implication raised by the name suggests more than that. But in any case, the Commission contends, petitioner failed to establish even that the accumulation plan feature is of unique interest to government employees.

█ We believe, taking the record as a whole, that the Commission's determination has substantial evidentiary support. We cannot say that it was unreasonable for the Commission to conclude that the name in question implies a unique and material advantage to a particular group, and that the expectations raised by the name may have a harmful tendency to mislead and deceive prospective investors.

██ The Commission has not found an actual intent to deceive, on the part of petitioner and its managers, and we find no suggestion of any such intent. What it has found is a harmful tendency inherent in the name itself. That is enough. Compare American Airlines v. North American, 1956, 351 U.S. 79, 86,

76 S.Ct. 600, 100 L.Ed. 953. The Commission is entitled to insist that the public be led to look to the essential merits of an investment offered to it, rather than to matters extraneous to those merits. Cf. Taussig v. Wellington Fund, Inc., D.C.D.Del.1960, 187 F.Supp. 179, 218, 219. We find in this case no such arbitrary or unreasonable action as would warrant disturbing the Commission's determination.

Affirmed.